Filed 9/27/22 P. v. Taylor CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C091382 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F5142) |
| v. | |
| CURTIS WAYNE TAYLOR et al., | |
| Defendants and Appellants. | |

Defendants Curtis Wayne Taylor and Beau Houston Gray appeal from the trial court's order denying their petitions for resentencing under Penal Code[1] former section 1170.95.[2] Defendants contend: (1) the trial court impermissibly looked beyond

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For purposes of clarity and conformity with their petitions, we will continue to refer to the statute as section 1170.95 throughout the opinion.

their petitions and improperly considered the record of conviction; (2) a jury could have found defendants guilty of second degree murder under a natural and probable consequences theory; and (3) the trial court engaged in improper factfinding in denying their petitions. In addition, both defendants contend that Senate Bill No. 775 (2020-2021 Reg. Sess.) (Stats. 2021, ch. 551, § 2), which came into effect while defendants' appeals were pending, applies to their appeals. The People respond that, regardless of any errors, the record of conviction establishes that defendants were convicted of malice murder and are therefore ineligible for relief under section 1170.95. Even after considering section 1170.95, as amended by Senate Bill No. 775, we agree with the People and will affirm the orders.

FACTUAL AND PROCEDURAL BACKGROUND

A

*Defendants' Case*

A detailed recitation of the underlying facts is set forth in our prior opinion in this case. In sum, defendants assaulted the victim and caused him to suffer a traumatic brain injury. The victim was hospitalized for eight days but died within 48 hours of being discharged. After leaving the hospital, the victim consumed alcohol and medication that had not been prescribed to him, despite being told to avoid such substances by his physician. (*People v. Taylor et al.* (Mar. 19, 2012, C064852) [nonpub. opn.].)

During the joint trial, the jury was instructed that defendants were being "prosecuted for murder under two theor[ies]: One, malice aforethought; and two, felony murder." The jury was never instructed on the natural and probable consequences theory of murder liability pertaining to vicarious liability, pursuant to CALCRIM No. 402 or 403. The jury was instructed that it could convict defendants of first degree murder based on either (1) malice aforethought (CALCRIM Nos. 520-521), (2) torture murder (CALCRIM No. 521), (3) felony murder with the felony being the crime of torture (CALCRIM No. 540A), or (4) felony murder as an aider and abettor to the crime of torture (CALCRIM

2

Nos. 540B, 540C, 549). It was instructed that "[a]ll other murders are of the second-degree." It was not instructed on felony murder for second degree murder or on the natural and probable consequences doctrine pertaining to vicarious liability.

The jury was further instructed that, if defendants unlawfully killed the victim, they could be convicted of manslaughter or involuntary manslaughter under various theories of guilt. The jury was also instructed on the torture/murder special circumstance (CALCRIM Nos. 700, 733, 703, 704, 705, 706) and the charged crime of torture (CALCRIM No. 810). The jury was instructed on causation per CALCRIM No. 240 as follows: "An act causes injury or death if the injury or death is the direct, natural, and probable consequence of the act and the injury or death would not have happened without the act. A natural and probable consequence is one that a reasonable person would know is likely to happen if nothing unusual intervenes. In deciding whether a consequence is natural and probable, consider all the circumstances established by the evidence. [¶] There may be more than one cause of injury or death. An act causes injury or death only if it is a substantial factor in causing the injury or death. A substantial factor is more than a trivial or remote factor. However, it does not have to be the only factor that causes the injury or death."

Mirroring the instructions, the prosecutor argued during closing argument that the jury could find defendants guilty of first degree murder based on malice aforethought or felony murder with the felony being torture. All other murders were second degree murder.

The jury found defendants not guilty of first degree murder (§ 187, subd. (a)) or torture (§ 206) but guilty of second degree murder and assault with force likely to cause great bodily injury (§ 245, subd. (a)(1)). The jury also found true that defendants inflicted great bodily injury during the commission of the assault. (§ 1192.7, subd. (c)(8).) The jury found not true a special allegation that the murder involved the infliction of torture. (§ 190.2, subd. (a)(18).) The trial court also found true that Taylor

3

had a prior strike (§ 1170.12), had served two prior prison terms (§ 667.5, subd. (b)), and was released on bail when he committed the assault (§ 12022.1). Gray was sentenced to prison for an aggregate term of 19 years to life, and Taylor was sentenced to prison for an aggregate term of 42 years eight months to life. (*People v. Taylor, supra,* C064852.) On appeal, we modified the judgments to stay defendants' sentences for assault with force likely to cause great bodily injury, pursuant to section 654. (*People v. Taylor,* C064852.) We otherwise affirmed the judgments. (*Ibid.*) The trial court subsequently resentenced Gray to an aggregate term of 15 years to life, and Taylor to an aggregate term of 30 years to life.

## B

### *Defendants' Petitions*

In January 2019, Gray filed a petition for resentencing under section 1170.95. In his petition, Gray declared that an information had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder based on the recent changes to sections 188 and 189. He also requested the court appoint counsel.

That same month, Taylor filed a similar petition under section 1170.95. Taylor also declared that an information had been filed against him that allowed the prosecution to proceed under a theory of murder under the natural and probable consequences doctrine, that he was convicted of second degree murder pursuant to the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder based on the recent changes to sections 188 and 189. He also requested the court appoint counsel.

In March 2019, the trial court appointed counsel for defendants.

In July 2019, the prosecution filed a response to defendants' petitions, arguing: (1) section 1170.95 was unconstitutional and (2) defendants were not eligible for relief because they were the actual killers or because they were major participants in the underlying felony of assault with force likely to cause great bodily injury. The prosecution asked the trial court to dismiss defendants' petitions.

In October 2019, the prosecution filed a second response to defendants' petitions, arguing the petitions must be dismissed because defendants had failed to establish a prima facie showing that they were eligible for relief. The prosecution argued defendants had been convicted based on their direct participation in the victim's murder, because they were major participants in the underlying felony of assault with force likely to cause great bodily injury. Included in the prosecution's response was a copy of our prior opinion and the probation officer's report for Gray.

In December 2019, Taylor filed another petition for resentencing under section 1170.95. He argued his conviction rested on the natural and probable consequences theory. Although it was alleged that Taylor participated in the assault on the victim, it was Gray who had stomped on the victim's head. In addition, the victim had consumed alcohol and fentanyl after his discharge from the hospital. Taylor also noted that the trial court had instructed the jury on causation (CALCRIM Nos. 240, 620), since the victim died nearly 10 days after the assault. Taylor also argued that two physicians had testified during trial that the victim's head trauma could have been the result of a recent fall, especially since the victim had been suffering from acute alcohol withdrawal, but still drank and abused controlled substances against his physician's advice. According to Taylor, his actions merely "amounted to the equivalent of aider and abettor."

Gray did not file a reply to the prosecution's brief.

During a January 2020 hearing, the trial court noted it had read the parties' briefs and reviewed its file. The court also noted it had a "fairly vivid recollection of the facts of the case." The court briefly summarized the facts and noted that "causation was a

major issue in the case. And the jury ultimately concluded that the injuries caused by the beating were substantial factors in causing the victim's death, notwithstanding other contributing factors. . . . It appeared to me from the facts that both parties were active participants in the incident." The court further noted it was inclined to agree with the prosecution "that the defendants were liable, not just under a felony murder rule, the theory that they were the actual killers in the case. [¶] They were major participants in the underlying felony of assault, force likely to create bodily injury." The court announced its tentative ruling that defendants had failed to make a prima facie showing that they were entitled to relief.

Taylor's counsel argued that, even though Taylor might have been involved in the beating of the victim, he was not necessarily the reason the victim died. She noted the prosecutor argued at trial that it was unclear whether it was Taylor or Gray who dealt the blow that ultimately killed the victim. In addition, the victim had harmed himself by consuming alcohol and fentanyl. Also, Gray and Taylor had no meeting of the minds, and Taylor was not present during the entire beating. In sum, Taylor only intended to commit an assault, not second degree murder, and was therefore entitled to relief under section 1170.95.

Gray's counsel joined in Taylor's argument, contending there was an ambiguity "as to the acts and intentions," and whether Gray was a substantial participant in the underlying felony or the second degree murder.

After considering the arguments, the trial court adopted its tentative ruling and dismissed defendants' petitions. The court did not issue a written decision.

DISCUSSION

I

*Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences

6

doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842.)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is

7

imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial . . . . [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a), as amended by Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

"After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1170.95, subd. (c), as amended by Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

The prima facie inquiry under section 1170.95 subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) Although a court may rely on the record of conviction (including a prior appellate court opinion) in determining whether the petitioner has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at pp. 971-972.)

II

*Analysis*

As a preliminary matter, we first address Gray's contention (which Taylor joins) that the trial court erred in looking beyond his petition and considering the record of conviction when it determined he had failed to make a prima facie showing that he was entitled to relief under section 1170.95. This argument was rejected in *Lewis*, so long as

8

the court has already appointed counsel and received briefing from the parties, as happened here. (*People v. Lewis*, *supra*, 11 Cal.5th at pp. 971-972.)

Gray next argues the trial court improperly relied on its own recollection of the case and on the summary of facts as contained in our prior opinion, which Gray argues is inadmissible hearsay given our prior ruling in *Kilroy v. State of California* (2004) 119 Cal.App.4th 140, 146. In addition, argues Gray, the court failed to clarify what file it had reviewed, calling into doubt whether the court had reviewed only admissible evidence. Finally, Gray argues the trial court erroneously stated that both defendants were "active participants" and were liable under the felony-murder rule and under a theory that they were the actual killers in the case. Gray notes that the jury did not find that either of the defendants were the actual killers or major participants, with the prosecutor even arguing that it was unclear who struck the fatal blow. Taylor joins in these arguments.

In a related argument, both defendants contend the trial court engaged in improper factfinding in determining that they were the "actual killers" or "major participants," especially since we stated in our prior opinion that it was impossible to determine which defendant delivered the fatal blow. Taylor also contends that the jury could have found him guilty of second degree murder under the natural and probable consequences theory. As Taylor notes, although the trial court suggested during the January 2019 hearing that defendants were liable for second degree murder under the felony-murder rule based on his conviction for assault likely to cause great bodily injury (§ 245, subd. (a)), second degree murder convictions cannot be premised on felonious assault. (*People v. Ireland* (1969) 70 Cal.2d 522, 539.) According to Taylor, the jury could have misunderstood the available theories because aiding and abetting was a "prominent theory at trial" and the

9

jury was instructed pursuant to CALCRIM No. 400[3] as well as other references in the instructions to "natural consequences." Gray joins in these additional arguments. Finally, despite the trial court's oral pronouncement of its reasons for denying his petition for resentencing, Taylor further argues remand is required because the trial court failed to provide a written order of denial.

The People contend we must reject defendants' arguments because the record of conviction establishes the jury found they were guilty of murder as the actual killers under a malice theory, which is still valid after the changes enacted under Senate Bill No. 1437. We agree.

Despite defendants' contentions, they have failed to make the requisite prima facie showing of entitlement to relief under section 1170.95. Here, although the term "natural and probable consequences" was presented to the jury via certain instructions, including the causation instruction, the jury was never instructed on the natural and probable consequences theory of murder pertaining to vicarious liability, per CALCRIM No. 402 or 403. The prosecutor further did not argue the jury could find defendants liable under a natural and probable consequences theory of murder pertaining to vicarious liability. In addition, although the jury was instructed on the felony-murder theory with respect to first degree murder (with torture being the underlying felony), it was not instructed that it could find defendants guilty of second degree murder based on a felony-murder theory. Because the jury found defendants not guilty of first degree murder, torture, and the torture special circumstance, it necessarily rejected the felony-murder theory. Given the

---

**3** CALCRIM No. 400 instructs as follows: "A person may be guilty of a crime in two ways. One, he or she may have directly committed the crime. I will call that person the perpetrator. Two, he or she may have aided and abetted a perpetrator, who directly committed the crime. [¶] A person is guilty of a crime whether he or she committed it personally or aided and abetted the perpetrator. [¶] [Under some specific circumstances, if the evidence establishes aiding and abetting of one crime, a person may also be found guilty of other crimes that occurred during the commission of the first crime.]"

10

instructions and the jury's findings, the defendants' convictions could not rest on either theory of vicarious liability. The jury could only convict based on defendants' personal culpability. Because the jury could convict defendants of second degree murder only if it found that they personally acted with express or implied malice, the guilty verdicts necessarily encompass such a finding of personally harbored malice.

To the extent the trial court suggested otherwise, the trial court's ruling is nevertheless correct for the reasons described above. (*Diaz v. Grill Concepts Services, Inc.* (2018) 23 Cal.App.5th 859, 874 ["[b]ecause we review the trial court's ruling and not its reasoning [citation], any missteps in its reasoning are irrelevant"].) Given our conclusions, we need not reach Taylor's contention that he was entitled to a written statement of the trial court's decision, in addition to the trial court's explanation during the hearing.

## DISPOSITION

The trial court's orders are affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Hoch, J.

/s/
Krause, J.

11